**AFFIRM in Part, REVERSE in Part, and REMAND; Opinion Filed July 7, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00123-CV

### BRINSON BENEFITS, INC., Appellant
### V.
### LINDA HOOPER, SEAN SENDELBACH, AND HOLMES MURPHY & ASSOCIATES, INC., Appellees

### On Appeal from the 101st Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. DC-12-07520

## OPINION

Before Justices Evans, Schenck, and Richter[1]
Opinion by Justice Schenck

Appellant Brinson Benefits, Inc. ("Brinson") appeals the trial court's judgment awarding appellees Linda Hooper ("Ms. Hooper"), Sean Sendelbach ("Mr. Sendelbach"), and Holmes Murphy & Associates, Inc. ("HMA") attorney's fees pursuant to the Texas Theft Liability Act ("TTLA") in its suit against them for, among other things, theft of confidential and proprietary information and property. In three issues, Brinson argues the trial court erred by (1) awarding attorney's fees to Ms. Hooper, (2) awarding attorney's fees to HMA and Mr. Sendelbach, and (3) awarding attorney's fees that are not supported by legally or factually sufficient evidence. Because Ms. Hooper was not a prevailing party under the TTLA, we reverse, in part, the portion

---

[1] The Honorable Martin Richter, Justice of the Court of Appeals for the Fifth District of Texas at Dallas, Retired, sitting by assignment.

of the judgment awarding Ms. Hooper attorney's fees and render judgment, in part, that she take nothing on her attorney's fees claim. We otherwise affirm the trial court's judgment.

## FACTUAL & PROCEDURAL BACKGROUND

Brinson is an employee-benefits advisory firm, which provides advisory services, insurance brokerage, and insurance program management primarily to small and mid-size companies. Brinson employed Ms. Hooper as a benefits strategist from May 2006 until she resigned on July 3, 2012. A few months before her resignation, Ms. Hooper met with HMA, a competitor of Brinson, to discuss employment opportunities. Among the people she met with was Mr. Sendelbach, a former Brinson employee. Shortly after that meeting, Ms. Hooper began communicating with Door Control Services, Inc. ("Door Control"), a prospective client of Brinson's, about providing quotes for fully funded health insurance. Two days after Ms. Hooper ended her employment with Brinson, Door Control sent a request for proposal to Ms. Hooper at her Brinson email address. Brinson's owner intercepted the email. In attempting to respond to the request, Brinson discovered Ms. Hooper had downloaded data belonging to Brinson onto her personal computer and had removed the Door Control file from Brinson's offices. Brinson's owner then contacted Ms. Hooper and demanded that she immediately return the file and all other documents and information she possessed that belonged to Brinson. Ms. Hooper did not respond to Brinson's demand.

On July 9, 2012, Brinson filed suit against Ms. Hooper, asserting claims for misappropriation of trade secrets, breach of fiduciary duty, conversion, tortious interference, and civil theft. Brinson sought actual, consequential, incidental, and exemplary damages, attorney's fees, and injunctive relief. The trial court granted a temporary restraining order ("TRO") to prevent Ms. Hooper and others acting in concert with her from (1) using or disclosing confidential, proprietary, or trade secret information belonging to Brinson, (2) destroying any

information about any of Brinson's vendors, (3) contacting any of Brinson's current or prospective clients, or (4) destroying any communications Ms. Hooper had with any of Brinson's current or prospective clients. The trial court also ordered Ms. Hooper to return to Brinson any and all property and confidential, proprietary, and/or trade secret information of Brinson. After a full evidentiary hearing, the trial court issued a temporary injunction effectively extending the TRO through the trial on the merits.

After the lawsuit commenced, Brinson learned that Ms. Hooper, while employed by Brinson, had developed and serviced several clients "on the side," improperly retaining all commissions and other payments. Brinson subsequently added claims against her to recover the money wrongfully retained. Brinson also joined Mr. Sendelbach and HMA as defendants, alleging they conspired with Ms. Hooper to commit the torts alleged and independently tortiously interfered with Brinson's contracts and relations with current and prospective clients, including Pinnacle Companies, Inc. ("Pinnacle"), a former client of Brinson that followed Ms. Hooper to HMA and whose information was included in the data Ms. Hooper downloaded.

The case proceeded to trial before a jury. After Brinson rested, the trial court granted HMA's motion for a directed verdict dismissing all of Brinson's claims against HMA on the basis that the actions of HMA's officers could not be attributed to HMA. At the close of all evidence, the trial court directed a verdict in Ms. Hooper's favor on the theft claim as to damages pertaining to Pinnacle, but not as to damages for wrongfully retaining commissions. The trial court further granted Mr. Sendelbach a directed verdict on Brinson's conspiracy-to-commit-theft claim and tortious-interference claim. Before the case went to the jury, Brinson voluntarily withdrew its misappropriation and conversion claims against Ms. Hooper. Thus, the jury was instructed on (1) Brinson's claims against Ms. Hooper for breach of fiduciary duty, tortious interference, and theft of Brinson's property in connection with income she received personally

while employed by Brinson; (2) Brinson's claim against Mr. Sendelbach for conspiracy to commit torts other than theft; and (3) Ms. Hooper and Mr. Sendelbach's counterclaims for breach of contract. The jury found Ms. Hooper breached her fiduciary duties to Brinson and committed theft of Brinson's property. As to Mr. Sendelbach, the jury found he did not conspire with Ms. Hooper. The jury found against Ms. Hooper and Mr. Sendelbach on their breach-of-contract claims.

Pursuant to a stipulated agreement that any claims for attorney's fees would be determined by the court post trial, the parties submitted applications for attorney's fees to the court. The only claim upon which attorney's fees could be awarded to any party in this case was Brinson's theft claim under the TTLA. The trial court entered a judgment ordering Ms. Hooper to pay Brinson the damages found by the jury, plus attorney's fees of $100,277.90, and ordering Brinson to pay Ms. Hooper attorney's fees of $380,970.30, and HMA and Mr. Sendelbach attorney's fees of $372,519.76.[2]

Following the entry of judgment, Brinson filed a timely request for findings of fact and conclusions of law, and a timely notice of past due findings and conclusions. No findings or conclusions were entered by the court. Brinson also filed a motion for new trial or to modify the judgment, which was overruled by operation of law. Brinson then initiated this appeal.

## STANDARD OF REVIEW

The only portions of the judgment at issue on appeal are the awards of attorney's fees to Ms. Hooper, Mr. Sendelbach, and HMA. The availability of attorney's fees under a particular statute is a question of law for the court. *Holland v. Wal-Mart Stores, Inc.*, 1 S.W.3d 91, 94 (Tex. 1999). We therefore review the issue of whether appellees were entitled to an award of attorney's fees under the TTLA *de novo*. *El Paso Nat. Gas Co. v. Minco Oil & Gas, Inc.*, 8

---

[2] Mr. Sendelbach and HMA were represented at trial by the same counsel.

S.W.3d 309, 312 (Tex. 1999).  If we determine any of the appellees were entitled to an award of attorney's fees, we then review the trial court's award of attorney's fees for an abuse of discretion.  *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 761 (Tex. 2012).

DISCUSSION

I.     ATTORNEY'S FEES AWARD TO MS. HOOPER AGAINST BRINSON

In its first issue, Brinson argues the trial court erred by awarding Ms. Hooper her attorney's fees because she was not a prevailing party entitled to fees under the TTLA.  Brinson argues because the jury found Ms. Hooper committed civil theft and the trial court rendered judgment awarding Brinson compensatory and statutory damages and attorney's fees, Ms. Hooper was not the prevailing party.

Ms. Hooper counters that a defendant who prevails on one TTLA claim but loses on another TTLA claim is still considered a prevailing party under the TTLA such that she is entitled to an award of her attorney's fees.  She argues Brinson alleged two TTLA claims: theft of confidential information related to Ms. Hooper's alleged theft of Brinson's documents and theft of commissions.

Brinson argues it asserted one theft claim against Ms. Hooper seeking two different categories of damages, one of which the trial court disallowed by directed verdict, that being damages arising from the loss of Pinnacle's business.  Brinson further argues that if its suit to recover damages due to theft of commission payments and wrongful use of confidential information are construed to be two separate theft claims, then the trial court erred in directing a verdict on the damages pertaining to Pinnacle because there was abundant evidence that Ms. Hooper committed theft of confidential documents, which included information about Pinnacle.

## A. Prevailing Party under Texas Theft Liability Act

Under the TTLA, "[e]ach person who prevails in a suit under this chapter shall be awarded court costs and reasonable and necessary attorney's fees." TEX. CIV. PRAC. & REM. CODE ANN. § 134.005(b) (West 2011). The TTLA does not define the term "prevails."

Courts have held that a prevailing party is the party who successfully prosecutes a cause of action or defends against it. *Goldman v. Olmstead*, 414 S.W.3d 346, 367 (Tex. App.—Dallas 2013, pet. denied) (citing *Silver Lion v. Dolphin St., Inc.*, No. 01–07–00370–CV, 2010 WL 2025749, at *18 (Tex. App.—Houston [1st Dist.] May 20, 2010, pet. denied) (mem. op.)). This widely accepted definition of "prevailing party" has also been applied to the TTLA: "The party to a suit who successfully prosecutes the action or successfully defends against it, even though not necessarily to the extent of his original contention." *Travel Music of San Antonio, Inc. v. Douglas*, No. 04–00–00757–CV, 2002 WL 1058527, at *3 (Tex. App.—San Antonio May 29, 2002, pet. denied) (mem. op.) (quoting BLACK'S LAW DICTIONARY 1069 (5th ed. 1979)). To recover fees, the defendant must nevertheless prevail on the merits of the claim, which one court has interpreted to mean "establish [she] did not commit theft." *Id.*

The question posed here is whether Brinson, Ms. Hooper, or both "prevailed" under the TTLA in view of the directed verdict foreclosing damages as to one theory of recovery (with regard to Pinnacle) but awarding relief on another in the final judgment. In the context of the TTLA, two of our sister courts have affirmed awards of attorney's fees to defendants who prevailed on a TTLA claim but lost on other causes of action. *Arrow Marble, LLC v. Estate of Killion*, 441 S.W.3d 702, 706 (Tex. App.—Houston [1st Dist.] 2014, no pet.); *Moak v. Huff*, No. 04–11–00184–CV, 2012 WL 566140, at *11 (Tex. App.—San Antonio Feb. 15, 2012, no pet.) (mem. op.). Neither the Houston nor the San Antonio court addressed the issue of whether

more than one party can "prevail" when the TTLA plaintiff seeks to recover two discrete categories of damages for the theft of property and succeeds at recovering one, but not the other.

Brinson sued Ms. Hooper for theft by unlawfully appropriating property as described by section 31.03 of the penal code.[3]  TEX. CIV. PRAC. & REM. CODE ANN. § 134.001 *et seq.*[4]  In doing so, Brinson sought to recover the commissions Ms. Hooper wrongfully retained and damages suffered from the unauthorized use of Brinson's confidential information to transfer Pinnacle's business to HMA.  The final judgment provides Brinson relief on that basis, although the judgment did not award all of the relief Brinson sought.  The fact that Brinson prevailed in recovering one set of damages, but not another, does not convert Brinson's suit for theft into two separate claims.  Unlike *Brown v. Kleerekoper*, No. 01–11–00972–CV, 2013 WL 816393 (Tex. App.—Houston [1st Dist.] Mar. 5, 2013, pet. denied), in which the plaintiff asserted two separate theft claims—one concerning "theft of property" and one concerning "theft of services" implicating different penal code sections, for which two separate jury questions were submitted—Brinson asserted a single claim under the TTLA for "theft of property," and both before and during trial it sought to submit only one question to the jury on its theft claim.

Moreover, if Brinson could be said to have asserted two "claims" for theft under the TTLA, the statute does not state that we are to assess who is the prevailing party on each damage theory asserted within a theory of recovery and we decline to do so.  What is clear is that Brinson obtained a finding against Ms. Hooper on its theft claim.  The fact that Brinson did not prevail to the extent of its original contention, because the trial court directed a verdict as to damages concerning Pinnacle, does not make Ms. Hooper a prevailing party under the TTLA.  To hold

---

[3] Section 31.03 provides, in relevant part, "A person commits an offense if he unlawfully appropriates property with the intent to deprive the owner of property."  TEX. PENAL CODE ANN. § 31.03(a) (West Supp. 2015).

[4] Section 134.002 of the civil practice and remedies code defines theft as "unlawfully appropriating property or unlawfully obtaining services as described by Section 31.03, 31.04, 31.06, 31.07, 31.11, 31.12, 31.13, or 31.14, Penal Code."  TEX. CIV. PRAC. & REM. CODE ANN. § 134.002(2).

otherwise would invite ceaseless, wasteful litigation over how many elements of a claim or damage theory can be imagined. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) ("A request for attorney's fees should not result in a second major litigation"); *see also Farrar v. Hobby*, 506 U.S. 103, 115 (1992) (treating a party that receives only nominal relief as nonetheless "prevailing," but leaving the extent of relief to inquiry as to the reasonableness of fees).

Accordingly, we conclude the trial court abused its discretion in awarding Ms. Hooper attorney's fees. We sustain Brinson's first issue.

### B.    Trial Court's Evidentiary Rulings and Grant of Directed Verdict

Because we conclude the trial court erred in awarding attorney's fees to Ms. Hooper and because Brinson argues about the trial court's evidentiary and directed verdict rulings concerning the loss of Pinnacle's business only as alternative bases of reversing the trial court's judgment on attorney's fees, we need not address Brinson's evidentiary and directed verdict rulings arguments.

## II.    ATTORNEY'S FEES AWARD TO HMA AND MR. SENDELBACH

In its second issue, Brinson argues the trial court erred by awarding HMA and Mr. Sendelbach their attorney's fees because they did not prevail on any claim that would support such an award. All parties agree that HMA and Mr. Sendelbach are entitled to recover attorney's fees only if they prevailed on a claim under the TTLA. Brinson sued HMA and Mr. Sendelbach for tortious interference with contract and conspiracy to assist Ms. Hooper in committing several torts, including theft. Brinson contends its conspiracy claim is not a claim under the TTLA.

HMA and Mr. Sendelbach respond that Brinson asserted a TTLA claim against them for theft under the premise of civil conspiracy, which they argue is a derivative tort. Therefore, the

operative question before this Court is whether Brinson's conspiracy to commit theft claim entitles a prevailing party to attorney's fees under the TTLA.

Civil conspiracy is a derivative tort, and a defendant's liability for conspiracy depends on participation in some underlying tort for which the plaintiff seeks to hold at least one of the named defendants liable. *Chu v. Hong*, 249 S.W.3d 441, 444 (Tex. 2008). This Court has held that if an underlying tort does not entitle a party to attorney's fees, that party may not recover its attorney's fees for conspiracy to commit that tort. *LandAmerica Commonwealth Title Co. v. Wido*, No. 05–14–00036–CV, 2015 WL 6545685, at *11 (Tex. App.—Dallas Oct. 29, 2015, no pet.) (mem. op.).

As noted above, the trial court directed a verdict against Brinson on all of its claims against HMA and on its tortious interference and conspiracy to commit theft claims against Mr. Sendelbach. Brinson sought to make HMA and Mr. Sendelbach liable for theft by suing them for conspiracy to commit theft. Because civil conspiracy to commit theft is a derivative tort, Brinson could have succeeded on this claim only by proving HMA and Mr. Sendelbach's liability for the underlying tort of theft. *See Chu*, 249 S.W.3d at 444. We conclude that by successfully defending against Brinson's conspiracy to commit theft claim, HMA and Mr. Sendelbach were prevailing parties and, thus, were entitled to their attorney's fees incurred in defending themselves against this claim. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 134.005(b). Accordingly, we overrule Brinson's second issue.

III.    AMOUNTS OF ATTORNEY'S FEES AWARDS

In its third issue, Brinson argues that if this Court determines any of the appellees are entitled to recover attorney's fees, the fees awarded must be vacated and remanded because they

are not supported by factual findings and because appellees failed to segregate potentially recoverable from non-recoverable fees.[5]

### A. Lack of Findings of Fact and Conclusions of Law

Brinson contends that because the trial court did not file findings of fact or conclusions of law as requested to support the award of attorney's fees for HMA and Mr. Sendelbach, neither it nor this Court can know why the trial court awarded the amounts set forth in the judgment.

If the trial court fails to file mandatory findings of fact and conclusions of law after a proper request, the failure is presumed harmful unless the record affirmatively shows the complaining party suffered no injury. *Cherne Indus., Inc. v. Magallanes*, 763 S.W.2d 768, 772 (Tex. 1989). An appellant is harmed if, under the circumstances of the case, it must guess at the reason the trial court ruled against it. *Midwest Med. Supply Co., L.L.C. v. Wingert*, 317 S.W.3d 530, 535 (Tex. App.—Dallas 2010, no pet.).

On the record in this case, however, Brinson has no reason to guess at why the trial court awarded HMA and Mr. Sendelbach attorney's fees.[6] As it argues in its brief, the only authority for awarding attorney's fees to HMA and Mr. Sendelbach is the TTLA. Further, because the trial court awarded HMA and Mr. Sendelbach the exact amount they requested, Brinson need not guess as to how the trial court reached the amount it awarded to them. Accordingly, we conclude that the record shows Brinson was not harmed by the lack of findings of fact and conclusions of law in this case.

---

[5] We need not address any questions raised in this argument related to the amount of the trial court's award of attorney's fees to Ms. Hooper as we have decided that the trial court erred by awarding any attorney's fees to Ms. Hooper.

[6] We need not determine whether findings were mandatory here in view of our conclusion that the basis for the trial court's ruling is sufficiently evident.

## B. Segregation of Fees

Next, we consider Brinson's argument that HMA and Mr. Sendelbach failed to properly segregate their fees by parsing the work into component tasks. It contends that the time HMA and Mr. Sendelbach devoted to the direct claims of tortious interference and common-law conspiracy for torts other than theft, as well as Mr. Sendelbach's counterclaim for breach of contract, must be segregated from time spent defending the "conspiracy to commit theft" claim on which HMA and Mr. Sendelbach prevailed.

HMA and Mr. Sendelbach respond that all of Brinson's claims, except for outside commissions, revolved around the same premise, that they conspired with Ms. Hooper to steal Brinson's confidential and trade-secret information, causing Brinson to lose profits. They contend that all the claims they defended were supported by the same fact allegations and measure of damages such that none of the claims could have been segregated from one another, other than the breach-of-contract claim, which was excluded from the application for prevailing party fees.

A party seeking to recover attorney's fees has the burden to show that the fees were reasonable and necessary, which, among other things, requires the party to show the fees were incurred on a claim that allows recovery of such fees. *Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 10–11 (Tex. 1991). When legal services advance claims for which the recovery of fees is permitted and claims for which the recovery of fees is not permitted, the party must segregate and exclude the fees for services related to the claims for which fees are not recoverable unless "the discrete legal services advance[d] both [the] recoverable claim and the unrecoverable claim." *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 313–14 (Tex. 2006); *see also Petras v. Criswell*, 248 S.W.3d 471, 481 (Tex. App.—Dallas 2008, no pet.). The need to segregate fees is a question of law, while the extent to which certain claims can or cannot

be segregated is a mixed question of law and fact. *Chapa*, 212 S.W.3d at 312–13. When the causes of action involved in the suit are dependent upon the same set of facts or circumstances and thus are "intertwined to the point of being inseparable," the party suing for attorney's fees may recover the entire amount covering all claims. *Sterling*, 822 S.W.2d at 10–11.

By agreement of the parties, the issue of attorney's fees was submitted to the trial court for decision. HMA and Mr. Sendelbach presented the affidavit of their attorney Cody Towns in support of attorney's fees. Attached to the four-page affidavit are more than fifty pages of billing records in this case. Brinson presented no controverting evidence.

In his affidavit, Mr. Towns states that he segregated fees charged to pursue Mr. Sendelbach's counterclaim for breach of contract from the fees submitted in connection with HMA and Mr. Sendelbach's claim for fees as prevailing parties under the TTLA. Having awarded HMA and Mr. Sendelbach precisely the amount requested, the trial court necessarily found that all of Brinson's claims arose out of the same transaction and were intertwined to the point of being inseparable.

Brinson's factual allegations against HMA and Mr. Sendelbach were as follows:

Holmes Murphy is a competitor of Brinson Benefits. The two companies exist in the same geographical market and compete over the same customers. Mr. Sendelbach was the former Vice President of Sales of Brinson Benefits who resigned on May 18, 2011 and immediately went to work for Holmes Murphy. Mr. Sendelbach diverted multiple customers from Brinson Benefits and filtered them to Holmes Murphy. Possibly recognizing the potential liability arising out of Mr. Sendelbach's actions, Holmes Murphy sent Brinson Benefits a proposed settlement with regard to the clients Mr. Sendelbach diverted from Brinson Benefits.

After Brinson Benefits filed its Original Petition against Ms. Hooper, discovery was conducted by the Parties. The discovery Brinson Benefits obtained demonstrates that, prior to Ms. Hooper's resignation from Brinson Benefits, Holmes Murphy and/or Mr. Sendelbach worked in concert with Ms. Hooper to gain Brinson Benefits' Sales and Client information and ultimately Brinson Benefits' clients.

Based upon the foregoing facts, Brinson brought claims of conspiracy to misappropriate Brinson's trade secrets, conspiracy to commit breach of fiduciary duty, conspiracy to commit conversion, tortious interference, conspiracy to commit tortious interference, and conspiracy to commit civil theft against HMA and Mr. Sendelbach.

We conclude all of Brinson's claims were premised upon a conspiracy to steal Brinson's confidential and proprietary information for the purpose of diverting and interfering with Brinson's customer relationships and causing damages of lost profits. Therefore, these claims are not segregable one from another, and the trial court did not abuse its discretion in not requiring HMA and Mr. Sendelbach to segregate attorney's fees. The only segregable claim was Mr. Sendelbach's breach-of-contract claim, which was excluded from the application for prevailing party fees.[7] Therefore, we overrule Brinson's third issue.

## CONCLUSION

We reverse the portion of the judgment awarding Ms. Hooper attorney's fees and render judgment that she take nothing on her attorney's fees claim. We otherwise affirm the trial court's judgment.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

150123F.P05

---

[7] In its segregation argument, Brinson also asserted in a single sentence that HMA and Mr. Sendelbach did not "exclude fees incurred before they became parties to the lawsuit in August 2012." Brinson did not quantify the amounts involved or cite us to the record where we could determine the claimed excess amount ($4,727.50 for HMA and $390 for Mr. Sendelbach), cited only the original petition for the date of filing, and did not cite any authority for support or argue from the text of section 134.005(b) a reason we should conclude it excludes pre-suit attorney's fees. Under a different attorney's fee statute, a prior panel of this Court concluded on the facts of that case and the text of that statute that pre-suit attorney's fees were recoverable. *See Am. Heritage Capital, LP v. Gonzalez*, 436 S.W.3d 865, 880 (Tex. App.—Dallas 2014, no pet.) (Texas Citizens Participation Act, TEX. CIV. PRAC. & REM. CODE ANN. § 27.009(a)(1)). Because the decision whether pre-suit attorney's fees are available under section 134.005(b) is much more nuanced on the facts and law than Brinson has presented it, we conclude Brinson has presented nothing for our review regarding pre-suit attorney fees.



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

BRINSON BENEFITS, INC., Appellant

No. 05-15-00123-CV      V.

LINDA HOOPER, SEAN SENDELBACH
AND HOLMES MURPHY &
ASSOCIATES, INC., Appellees

On Appeal from the 101st Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-12-07520.
Opinion delivered by Justice Schenck.
Justices Evans and  Richter participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED** in part and **REVERSED** in part. We **REVERSE** that portion of the trial court's judgment awarding Linda Hooper attorney's fees and **RENDER** judgment that Linda Hooper take nothing on her attorney's fees claim.  In all other respects, the trial court's judgment is **AFFIRMED**.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 7th day of July, 2016.