

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-17-00063-CV

ENTERPRISING GALS OF TEXAS,                                      APPELLANT
L.L.C. D/B/A WHEEL REPAIR
SOLUTIONS

V.

ANGELICA SPREHE, RYAN                                             APPELLEES
SPREHE, AND ARS WHEEL
REPAIR, INC.

----------

FROM THE 442ND DISTRICT COURT OF DENTON COUNTY
TRIAL COURT NO. 14-05411-393

----------

## MEMORANDUM OPINION[1]

----------

Appellant Enterprising Gals of Texas, L.L.C. d/b/a Wheel Repair Solutions

(WRS) appeals from the take-nothing judgment the trial court rendered in favor of

appellees Angelica Sprehe, Ryan Sprehe, and ARS Wheel Repair, Inc. (ARS).

---

[1]*See* Tex. R. App. P. 47.4.

In two issues, WRS argues the trial court abused its discretion by denying its fourth motion for continuance of the hearing on appellees' summary judgment motion and that insufficient evidence supports the amount of attorney's fees the trial court awarded to appellees because they failed to segregate their fees. We affirm.

## I. BACKGROUND

WRS is a business that provides wheel repair services. Angelica used to be its account manager. In January 2014, she quit that job and along with her husband, Ryan, started ARS. WRS then sued Angelica, Ryan, and ARS, (collectively "Appellees") alleging various claims related to Angelica's departure from WRS and opening of a competitor company with Ryan, including a claim alleging violations of the Texas Theft Liability Act. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 134.001–.005 (West 2011). Appellees moved for summary judgment on all of Wheel Repair's claims against them, and they also filed counterclaims for their attorney's fees.

The trial court set a hearing on the summary judgment motion for September 29, 2016. On September 22, WRS filed a motion for continuance requesting that the trial court continue the summary judgment hearing—its fourth such request since appellees first moved for summary judgment nearly two years earlier. This fourth motion for continuance was not verified, and WRS did not file an affidavit explaining its need for further discovery. The trial court denied the motion for continuance and granted appellees summary judgment on all of

2

WRS's claims. It then conducted a bench trial on appellees' counterclaim for attorney's fees, which they sought under the Texas Theft Liability Act. *See id.* § 134.005(b). The trial court rendered judgment awarding appellees $89,884 in reasonable and necessary attorney's fees, as well as contingent fee awards of $25,000 if WRS unsuccessfully appealed to this court, and another $25,000 if it unsuccessfully appealed to the supreme court.

WRS appeals in two issues.

## II. WRS'S MOTION FOR CONTINUANCE

In its first issue, WRS contends the trial court abused its discretion by denying its fourth motion for continuance of the summary judgment hearing because it needed to obtain additional discovery from appellees. We review a trial court's ruling on a motion for continuance for an abuse of discretion. *D.R. Horton-Tex., Ltd. v. Savannah Props. Assocs., L.P.*, 416 S.W.3d 217, 222 (Tex. App.—Fort Worth 2013, no pet.).

Here, the parties engaged in formal discovery prior to the summary judgment hearing. In cases where that has occurred, when a party contends that it has not had an adequate opportunity for discovery before a summary judgment hearing, it must file either an affidavit explaining the need for further discovery or a verified motion for continuance. *See Tenneco Inc. v. Enter. Prods. Co.*, 925 S.W.2d 640, 647 (Tex. 1996); *see also Ford Motor Co. v. Castillo*, 279 S.W.3d 656, 662 (Tex. 2009) (noting that the cases applying the rule in *Tenneco* involved the situation where the parties had conducted formal discovery

3

and sought a continuance in order to conduct additional discovery). Over the course of a twenty-one-month period, WRS filed three prior motions for continuance based on the need for additional discovery. At least two of these were either verified or supported by an affidavit. The record reflects that the fourth motion was not verified or supported by affidavit. Rule of civil procedure 251 states that no continuance shall be granted except for "sufficient cause supported by affidavit, or by consent of the parties, or by operation of law."[2] Tex. R. Civ. P. 251. Applying rule 251, the trial court did not abuse its discretion by denying WRS's fourth motion for continuance.

We overrule WRS's first issue.

### III. THE TRIAL COURT'S ATTORNEY-FEE AWARD

In its second issue, WRS attacks the trial court's attorney-fee award. Appellees sought attorney's fees only for their efforts in defending against WRS's claim under the Texas Theft Liability Act. During the bench trial, they offered both documentary evidence and expert testimony regarding their incurred attorney's fees. WRS argues appellees failed to segregate their fees between the amount they incurred related only to WRS's Texas Theft Liability Act claim from those they incurred relating to WRS's other claims. Specifically, WRS contends the trial court disposed of its Texas Theft Liability Act claim based upon

---

[2]WRS does not contend that appellees consented to the fourth motion for continuance, and they do not establish that a continuance was required by operation of law.

a single paragraph in appellees' summary judgment motion and implies that appellees were thus entitled to recover only the fees they incurred for the drafting of that single paragraph. WRS argues that because appellees failed "to segregate the time that it took their attorneys to draft this single paragraph . . . from all of the other work performed in this case," insufficient evidence supports the amount of the trial court's fee award.

## A. STANDARDS OF REVIEW

Whether attorney's fees need to be segregated is a question of law that we review de novo. *See Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 312 (Tex. 2006); *Prudential Ins. Co. v. Durante*, 443 S.W.3d 499, 513 (Tex. App.—El Paso 2014, pet. denied). But the extent to which claims can or cannot be segregated is a mixed question of law and fact. *See Chapa*, 212 S.W.3d at 313; *Brinson Benefits, Inc. v. Hooper*, 501 S.W.3d 637, 645 (Tex. App.—Dallas 2016, no pet.).

A court's decision to grant or deny attorney's fees is reviewed under an abuse of discretion standard, while the amount of attorney's fees awarded is reviewed under a legal-sufficiency standard. *Huey-You v. Huey-You*, No. 02-16-00332-CV, 2017 WL 4053943, at *2 (Tex. App.—Fort Worth Sept. 14, 2017, no pet.) (mem. op.); *Am. Risk Ins. Co. v. Abousway*, No. 14-13-00124-CV, 2014 WL 2767402, at *5 (Tex. App.—Houston [14th Dist.] June 17, 2014, no pet.) (mem. op.); *EMC Mortg. Corp. v. Davis*, 167 S.W.3d 406, 418 (Tex. App.—Austin 2005, pet. denied). Because we review the amount of attorney's fees awarded

5

under a legal-sufficiency standard, if more than a scintilla of evidence supports the award, the challenge must fail. *Wal-Mart Stores, Inc. v. Canchola*, 121 S.W.3d 735, 739 (Tex. 2003).

## B. SUFFICIENT EVIDENCE OF SEGREGATION

Generally, parties seeking recovery of attorney's fees are required to segregate their fees between claims for which attorney's fees are recoverable and claims for which they are not. *See Chapa*, 212 S.W.3d at 311. But there is an exception to this requirement: "when the causes of action involved in the suit are dependent upon the same set of facts or circumstances and thus are 'inter[t]wined to the point of being inseparable,' the party suing for attorney's fees may recover the entire amount covering all claims." *Id.* at 311 (quoting *Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 11 (Tex. 1991)). A common set of underlying facts alone does not relieve a party of the duty to segregate its attorney's fees between recoverable and unrecoverable claims; "it is only when discrete legal services advance both a recoverable and unrecoverable claim that they are so intertwined that they need not be segregated." *Id.* at 313–14.

Additionally, where a party is required to segregate its fees, it need not present "more precise proof for attorney's fees than for any other claims or expenses." *Id.* at 314. The party need not present separate time records for each claim. *See id.*; *State Farm Lloyds v. Hanson*, 500 S.W.3d 84, 102 (Tex. App.—Houston [14th Dist.] 2016, pet. denied). A party satisfies its burden to segregate its attorney's fees if it submits to the fact finder testimony from its

6

attorney stating the percentage of fees that are recoverable and unrecoverable. *See Chapa*, 212 S.W.3d at 314; *Berryman's S. Fork, Inc. v. J. Baxter Brinkmann Intern. Corp.*, 418 S.W.3d 172, 202 (Tex. App.—Dallas 2013, pet. denied); *see also Anani v. Abuzaid*, No. 05-16-01364-CV, 2018 WL 2926660, at *9 (Tex. App.—Dallas June 7, 2018, no pet. h.) (mem. op.) (noting that "an opinion assigning a percentage to recoverable and unrecoverable fees is sufficient" to satisfy a party's burden to segregate fees).

The trial court admitted appellees' attorneys' billing statements into evidence at the bench trial. These statements reflected the total number of hours appellees' attorneys billed on this case, the tasks each attorney performed and amount of time spent performing those tasks, and the attorneys' respective hourly rates. In addition, appellees' expert, Eric Haas, testified concerning appellees' incurred fees. Haas testified that he had reviewed appellees' attorneys' billing statements and that appellees' attorneys had incurred a total of 492 hours on this case, but they had cut some of that time before billing appellees. Taking into account the time their attorneys had cut, appellees had been billed a total of $142,694.70 in attorney's fees.

After testifying to appellees' total incurred fees, Haas acknowledged that appellees sought to recover only the fees they incurred that were related to WRS's Texas Theft Liability Act claim. He testified that 80% of the total fees appellees incurred were "directly related to, intertwined with the claim for theft of trade secrets under the Texas Theft Liability Act." Haas also explained the basis

7

of his 80% figure.  According to him, the whole case centered around WRS's factual allegations that its trade secrets had been stolen.  Given that central focus, Hass testified, appellees' defense "involved not only evaluating what the alleged trade secrets were and the alleged damages resulting from those trade secrets, but also the other facts and circumstances surrounding" the alleged trade-secrets theft.  This included

> an evaluation and discovery conducted with respect to how the trade secrets were allegedly obtained, with respect to whether trade secrets even existed, with respect to whether trade secrets, if they existed, had been appropriately held or maintained, and also with respect to the allegation that there was damage from the alleged theft.

Haas also testified that in reaching his 80% figure, he "took out time that was incurred with respect to other matters that would not be recoverable."  And Haas further testified that his opinion was that $25,000 was a reasonable estimate of the fees appellees would incur in the event WRS appealed to this court and that an additional $25,000 was a reasonable estimate of fees that would be incurred if it appealed to the supreme court.

Haas' uncontroverted testimony showed that in reaching his 80% figure, he had excluded all fees that appellees incurred solely on unrecoverable claims.  And he testified that although the 80% figure included fees incurred on both recoverable and unrecoverable claims, the work related to the recoverable claims was so intertwined with the work related to the unrecoverable claims that it could not be segregated.  This testimony sufficiently satisfied appellees' burden to

8

segregate their fees in this case. *See Berryman's S. Fork*, 418 S.W.3d at 202 (holding that party met its burden to segregate its fees by presenting an affidavit from its attorney stating in part that 80% of party's incurred fees were recoverable and that attorney's activities were so intertwined that they could not be segregated by task); *Lawrence v. Kinser*, No. 05-10-00173-CV, 2011 WL 6318025, at *7 (Tex. App.—Dallas Dec. 15, 2011, no pet.) (mem. op.) (holding party met its burden to segregate unrecoverable claims and to show that segregation of intertwined claims was unnecessary where its attorney testified as to (1) the total amount of fees his client incurred; (2) the amount incurred solely on unrecoverable claims; and (3) the amount incurred on both recoverable and unrecoverable claims but which were so intertwined that they could not be segregated).

## C. SUFFICIENT EVIDENCE OF AMOUNT

Having concluded that appellees' fees were sufficiently segregated, we turn briefly to consider WRS's argument that insufficient evidence supports the amount of fees the trial court awarded. As outlined above, appellees presented uncontradicted evidence of the total number of hours their attorneys billed them in this case and the hourly rates applicable for each attorney whose time was billed, and they presented evidence that their attorneys had billed them a total of $142,694.70. They presented uncontradicted evidence that 80% of the hours their attorneys billed in this case was directly related to and intertwined with WRS's Texas Theft Liability Act claim. They presented uncontradicted evidence

9

that 80% of the total sum they had been billed amounted to approximately $114,000. And they presented uncontradicted evidence that a reasonable estimate of the amount of fees they would incur as a result of WRS appealing to this court and to the supreme court was $25,000 for each appeal. We conclude appellees presented more than a scintilla of evidence supporting the trial court's ultimate award to appellees of $89,884 in incurred attorney's fees, $25,000 in conditional attorney's fees for an appeal to this court, and an additional $25,000 in conditional attorney's fees for an appeal to the supreme court. Therefore, WRS's challenge to the sufficiency of the amount awarded must fail. *See Canchola*, 121 S.W.3d at 739.

We overrule WRS's second issue.

## IV. CONCLUSION

Having overruled all of WRS's issues, we affirm the trial court's judgment. *See* Tex. R. App. P. 43.2(a).

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL: GABRIEL, PITTMAN, and BIRDWELL, JJ.

DELIVERED: July 26, 2018