**Affirmed and Opinion Filed April 20, 2021**



**In the**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-19-00542-CV**

**QADREE CAMPBELL, Appellant**
**V.**
**ANGELA MARIE PECINA A/K/A ANGELA HOWELL AND GREGORY OLIVAREZ PECINA, Appellees**

**On Appeal from the County Court at Law No. 4**
**Collin County, Texas**
**Trial Court Cause No. 004-01649-2018**

## MEMORANDUM OPINION

Before Justices Myers, Osborne, and Carlyle
Opinion by Justice Carlyle

In this landlord–tenant dispute, Qadree Campbell sued Angela and Gregory Pecina (the Pecinas) for withholding $280.00 of his $500.00 security deposit on a residential lease. Following a bench trial, the trial court awarded Mr. Campbell $280.00 in damages but denied his requested attorney's fees. On appeal, Mr. Campbell asserts the trial court abused its discretion by not awarding him attorney's fees. We affirm in this memorandum opinion. *See* TEX. R. APP. P. 47.4.

## BACKGROUND

After selling the Pecinas a residence, Mr. Campbell leased it back from them for six weeks under a written agreement. In his July 3, 2018 petition, Mr. Campbell asserted that though he properly vacated the premises on May 15, 2018, and demanded return of his security deposit, "Defendants, in bad faith, failed to return a portion of the deposit and provided a fraudulent accounting to justify the retention." He claimed damages under two causes of action: breach of contract and violation of Texas Property Code section 92.109, titled "Liability of Landlord". He also claimed attorney's fees pursuant to section 92.109 and Texas Civil Practice and Remedies Code Chapter 38.

The Pecinas filed a general denial answer. At trial, the evidence included (1) the lease agreement, (2) a June 8, 2018 letter from the Pecinas to Mr. Campbell containing an itemized list of security deposit deductions; and (3) photographs of the premises. The trial court's judgment awarded Mr. Campbell the "sum of $280.00 in actual damages and zero dollars for Plaintiff's attorney fees." Mr. Campbell filed a motion to modify the judgment, contending he was entitled to attorney's fees pursuant to civil practice and remedies code section 38.001 because he "prevailed on his breach of contract claim." After a hearing, the trial court denied that motion.

Though Mr. Campbell properly requested findings of fact and conclusions of law, none were filed prior to this appeal. Upon submission, this Court abated this

appeal for findings of fact and conclusions of law. The trial court then issued findings

of fact and conclusions of law[1] that stated in their entirety:

> 1. Findings of Facts
> A trial by court was held for this case and decision was rendered on February 28, 2019. The Defendants failed to return $280.00, a small portion of the security deposit. Counsel for Plaintiff testified that his attorney's fee for this matter was $6000.00. He also testified that his hourly rate was $350.00 per hour. The Court denied the attorney's fee.
>
> 2. Conclusions of Law
> The Court found that Plaintiff Attorney's testimony was not credible and was legally insufficient to support an award of attorney's fee as there was no means to conduct a meaningful review of to [sic] determine the reasonableness of the fees.

## ANALYSIS

The availability of attorney's fees under a particular statute is a question of

law we review de novo. *Brinson Benefits, Inc. v. Hooper*, 501 S.W.3d 637, 641 (Tex.

App.—Dallas 2016, no pet.). In an appeal from a bench trial, we review the trial

court's findings of fact for legal and factual sufficiency of the evidence by the same

standards we apply in reviewing the evidence supporting a jury's verdict. *BMC*

*Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002); *Sheetz v.*

*Slaughter*, 503 S.W.3d 495, 502 (Tex. App.—Dallas 2016, no pet.). When an

appellant challenges the legal sufficiency of the evidence supporting an adverse

---

[1] At the time this appeal was submitted in this Court, appellees had not filed an appellate brief. After the trial court filed its findings of fact and conclusions of law, this Court allowed appellant the opportunity to amend or supplement his appellate brief and allowed appellees an opportunity to file a brief in response. Appellant filed a supplemental appellate brief. Appellees filed no response brief.

finding on which he had the burden of proof at trial, he must show the evidence conclusively establishes the facts in his favor.[2] *E.g., Shields Ltd. P'ship v. Bradberry*, 526 S.W.3d 471, 480 (Tex. 2017). The trial court, as factfinder, is the sole judge of the credibility of the witnesses. *Fulgham v. Fischer*, 349 S.W.3d 153, 157 (Tex. App.—Dallas 2011, no pet.).

We review the trial court's conclusions of law de novo. *BMC Software*, 83 S.W.3d at 794; *Sheetz*, 503 S.W.3d at 502. We are not bound by the trial court's legal conclusions, but the conclusions of law will be upheld on appeal if the judgment can be sustained on any legal theory supported by the evidence. *Fulgham*, 349 S.W.3d at 157–58. Incorrect conclusions of law will not require reversal if the controlling findings of fact will support a correct legal theory. *Id*. at 158.

A landlord who in bad faith retains a security deposit in violation of the Texas Property Code "is liable for an amount equal to the sum of $100, three times the portion of the deposit wrongfully withheld, and the tenant's reasonable attorney's fees in a suit to recover the deposit." TEX. PROP. CODE § 92.109(a). When a tenant sues a landlord to recover his security deposit under section 92.109, the tenant must prove the landlord acted in bad faith. *See id*. § 92.109(a), (b). "A landlord who fails either to return a security deposit or to provide a written description and itemization of deductions on or before the 30th day after the date the tenant surrenders

---

[2] Mr. Campbell requested a partial reporter's record in this appeal. Thus, we "presume that the partial reporter's record designated by the parties constitutes the entire record for purposes of reviewing the stated points or issues." TEX. R. APP. P. 34.6(c)(4).

possession is presumed to have acted in bad faith." *Id.* § 92.109(d). Even when a landlord defeats the presumption of bad faith in an action under section 92.109(a) as to the failure to return security deposits, the landlord has another hurdle: he must prove the retention of any portion of the security deposit was reasonable. *See id.* § 92.109(c); *Pulley v. Milberger*, 198 S.W.3d 418, 429 (Tex. App.—Dallas 2006, pet. denied).

Here, Mr. Campbell asserts two issues: (1) the trial court "abuse[d] its discretion in failing to award attorney fees for work through trial and conditional attorney fees for successful appeals" and (2) the "amount of attorney fees established by Plaintiff's evidence" should be "presumed to be reasonable and necessary and awarded to Plaintiff." Specifically, Mr. Campbell contends he is entitled to attorney's fees pursuant to Chapter 38. He argues that his evidence regarding attorney's fees triggered section 38.003's statutory presumption that usual and customary fees are reasonable, *see* TEX. CIV. PRAC. & REM. CODE § 38.003, and the presumption remained in effect because there was no evidence submitted to challenge it. Thus, he asserts, the trial court had no discretion to deny him attorney's fees.

Mr. Campbell's appellate argument does not address property code section 92.109. He asserts that the trial judge stated during trial, "I find that defendants mistakenly kept a portion of the security deposit, but the action was not in bad faith." Thus, according to Mr. Campbell, "the only claim remaining was Plaintiff's breach of contract claim" and "it is indisputable that Plaintiff prevailed on his breach of

contract claim." But "[s]tatements made by a trial court outside of properly filed written findings and conclusions do not limit an appellate court's review." *Larry F. Smith, Inc. v. The Weber Co., Inc.*, 110 S.W.3d 611, 615 (Tex. App.—Dallas 2003, pet. denied). On this record, we cannot agree with Mr. Campbell's position that the breach of contract claim was necessarily the basis for the trial court's ruling. *See* TEX. PROP. CODE § 92.109(c); *Pulley*, 198 S.W.3d at 429.

Though section 92.109 allows for reasonable attorney's fees when a landlord acts in bad faith, Mr. Campbell does not assert, and the record does not show, that bad faith was conclusively established. *See Shields Ltd. P'ship*, 526 S.W.3d at 480. Further, the Chapter 38 presumption of reasonableness on which Mr. Campbell relies is not applicable to section 92.109. *See* TEX. CIV. PRAC. & REM. CODE § 38.003; TEX. PROP. CODE § 92.109(a)–(b). On this record, we conclude the trial court did not err by declining to award Mr. Campbell attorney's fees. *See* TEX. PROP. CODE § 92.109(a)–(b). Because the challenged award of "zero dollars" for attorney's fees can be sustained on a legal theory supported by the record, we affirm the trial court's judgment. *See Fulgham*, 349 S.W.3d at 157–58.

/Cory L. Carlyle/
CORY L. CARLYLE
JUSTICE

190542F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

QADREE CAMPBELL, Appellant

No. 05-19-00542-CV          V.

ANGELA MARIE PECINA A/K/A
ANGELA HOWELL AND
GREGORY OLIVAREZ PECINA,
Appellees

On Appeal from the County Court at
Law No. 4, Collin County, Texas
Trial Court Cause No. 004-01649-2018.

Opinion delivered by Justice Carlyle.
Justices Myers and Osborne
participating.

In accordance with this Court's opinion of this date, the judgment of the trial
court is **AFFIRMED**.

It is **ORDERED** that appellees ANGELA MARIE PECINA A/K/A
ANGELA HOWELL AND GREGORY OLIVAREZ PECINA recover their costs
of this appeal from appellant QADREE CAMPBELL.

Judgment entered this 20th day of April, 2021.