**Reverse and Remand and Opinion Filed July 12, 2022**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-21-00344-CV

**HELEN RYERSON, Appellant**
**V.**
**THE CITY OF PLANO, Appellee**

**On Appeal from the County Court at Law No. 7**
**Collin County, Texas**
**Trial Court Cause No. 007-02111-2020**

## MEMORANDUM OPINION

Before Justices Molberg, Reichek, and Garcia
Opinion by Justice Garcia

The City of Plano seized several pets owned by appellant Helen Ryerson. She unsuccessfully sought their return through the judicial process, and she has appealed the county court at law's decision against her.[1] Concluding that the county court's final order in the case does not comply with statutory requirements, we reverse and remand for further proceedings.

---

[1] After this appeal was submitted, Ryerson's counsel filed a notice that Ryerson had died. We decide this appeal as though Ryerson were still living. *See* TEX. R. APP. P. 7.1(a)(1).

## I. BACKGROUND

This case began in the Plano Municipal Court of Collin County. The clerk's record from the municipal-court proceedings indicates that Ryerson filed a motion for redemption of impounded animals concerning 12 animals that the City had seized from Ryerson's Plano address in May 2020.[2] The municipal judge held a hearing and signed an order denying Ryerson's motion. The order divested Ryerson of all interest in the animals, ordered the City to care for the animals, and ordered that all fees the City incurred relating to the animals were assessed against Ryerson.

Ryerson appealed the order to the county court at law. Both sides filed briefs, and, without hearing oral argument, the county-court judge affirmed the municipal court's order.

Ryerson then appealed to this Court.

## II. ANALYSIS

Ryerson raises five issues on appeal.

### A. Issue One: Did the municipal court have jurisdiction of this dispute?

In her first issue, Ryerson argues that the municipal court never had jurisdiction over this dispute and that the judgments against her are therefore void. The City responds that the municipal court had jurisdiction of this dispute. For the following reasons, we agree with the City.

Ryerson's argument proceeds in the following steps:

---

[2] The motion is not in the record, but documents in the record refer to it.

- As a general rule, municipal courts lack civil jurisdiction.

- However, a municipality can confer some civil jurisdiction on its municipal courts of record. Specifically, a municipality's governing body may, by ordinance, provide that a municipal court of record has "concurrent jurisdiction with a district court or a county court at law under Subchapter B, Chapter 54, Local Government Code, within the municipality's territorial limits . . . for the purpose of enforcing health and safety and nuisance abatement ordinances." TEX. GOV'T CODE ANN. § 30.00005(d)(2).

- The City never produced such an ordinance.

- Accordingly, the municipal court did not have subject-matter jurisdiction over this case.

The City responds that (1) there is such an ordinance, specifically § 13-2(e) of the City of Plano Code of Ordinances, which was passed and approved in 2012, and (2) the City did not produce the ordinance in the lower courts because Ryerson never properly challenged the municipal court's jurisdiction. The City attached a certified copy of the ordinance to its appellate brief, and it asks us to take judicial notice of the ordinance. Ryerson did not file a reply brief or otherwise request to be heard on the propriety of the City's judicial-notice request. *See* TEX. R. EVID. 204 (governing judicial notice of Texas municipal and county ordinances).

We conclude that we may take judicial notice of the City ordinance proffered by the City on appeal. *See City of Farmers Branch v. Ramos*, 235 S.W.3d 462, 469 (Tex. App.—Dallas 2007, no pet.) (taking judicial notice of ordinance); *see also* TEX. R. EVID. 204. The ordinance establishes that as of July 1, 2012, the municipal

court of record of the City of Plano possessed the jurisdiction authorized by Government Code § 30.00005(d)(2). Thus, Ryerson's jurisdictional argument fails.

Ryerson also appears to contend that the municipal court lacked jurisdiction, despite the existence of the ordinance, because the City failed to produce a copy of the relevant ordinance in the municipal court or the county court at law. The City responds that it was not required to prove up the ordinance before this appeal because Ryerson never effectively raised her jurisdictional challenge in the lower courts. After reviewing the record, we agree with the City. Ryerson raised this jurisdictional argument in a county-court brief that the court struck and in a postjudgment filing that was apparently never heard. Thus, we are the first court to consider Ryerson's jurisdictional argument, and we consider the pleadings and evidence in the record in deciding it. *See RSL Funding, LLC v. Pippins*, 499 S.W.3d 423, 429 (Tex. 2016) (per curiam). That record now includes the jurisdiction-furnishing ordinance of which we have taken judicial notice.

We overrule Ryerson's first issue on appeal.

**B.    Issue Two:  Did the trial judge err by failing to state the reasons for his ruling?**

In her second issue, Ryerson argues that the trial judge erred by failing to state the reasons for his ruling as required by Government Code § 30.00024. We agree.

The county court at law had jurisdiction over Ryerson's appeal from the municipal court's order. *See* GOV'T § 30.00014(a). The Government Code imposes certain requirements on the county court acting as an appellate court:

–4–

In each case decided by the appellate court, the court shall deliver a written opinion or order either sustaining or overruling each assignment of error presented. *The court shall set forth the reasons for its decision.*

*Id.* § 30.00024(c) (emphasis added). Under the Code Construction Act, the word "shall" ordinarily imposes a duty. *See id.* § 311.016(2).

Here, the trial judge's final order affirmed the municipal court's order, but it did not state the reasons for the decision. The entire substance of the order follows:

> The Court has considered Appellee The City of Plano's motion to strike uncertified appendices and reply brief and proceed to judgment and is of the opinion that, for the reasons stated therein, the motion should be, and hereby is, GRANTED.
>
> The uncertified appendices filed March 1, 2021, are STRICKEN.
>
> Appellant Ryerson's reply brief is STRICKEN.
>
> Oral argument is DENIED.
>
> The judgment of the trial court is AFFIRMED.

The order states no reasons for the affirmance. Ryerson objected to the omission in a motion to vacate or modify the order that was ultimately denied by operation of law.

The City suggests that the reasons for the order are incorporated by reference through the phrase "for the reasons stated therein," but we disagree. That phrase does not refer to the City's county-court appellate brief, which stated possible reasons for affirmance, but rather to a separate motion that did not address the merits of Ryerson's appeal. Thus, the order violates Government Code § 30.00024(c). Further, we agree with Ryerson's contention that the error was harmful because it

deprived her of the ability to attack in this Court the lower court's specific reasons for affirmance. *See Brinson Benefits, Inc. v. Hooper*, 501 S.W.3d 637, 644 (Tex. App.—Dallas 2016, no pet.) ("An appellant is harmed if, under the circumstances of the case, it must guess at the reason the trial court ruled against it.").

The City suggests that we should abate this appeal and direct the trial judge to render a new order that complies with the statute. However, we are informed that Ryerson has died during the pendency of this appeal, and it is unclear whether anyone will ever acquire capacity to prosecute this litigation on behalf of her estate. Under these circumstances, we deem it appropriate to reverse and remand because the trial court will be in a better position than we are to ascertain whether this litigation can continue.

## C.    Issues Three, Four, and Five

In issue three, Ryerson argues that the county-court judge erred by not giving her a trial de novo because the City did not show that the municipal court was a municipal court of record.

Assuming without deciding that Ryerson preserved this error for appeal, we reject her argument for two reasons. First, the appellate record contains both a clerk's record and a reporter's record from the municipal-court proceedings. This is some evidence that the municipal court was a municipal court of record. Second, the record contains a notice that the Plano Municipal Court became a court of record in 2012, and there is no evidence that the Plano Municipal Court thereafter stopped being a

court of record. Under the Government Code, a municipality cannot have both a municipal court of record and a non-record municipal court. *See* GOV'T § 30.00003(e). This further supports a conclusion that the Plano Municipal Court is a municipal court of record. We overrule Ryerson's third issue.

In issue four, Ryerson argues that the trial judge erred by failing to make findings of fact and conclusions of law if it did give her a trial de novo. But Ryerson simultaneously denies that the trial judge gave her a trial de novo, the City agrees that the trial judge did not conduct a trial de novo, and the record is clear that there was no trial de novo. Accordingly, we overrule Ryerson's fourth issue.

In issue five, Ryerson purports to incorporate in full the issues she raised in her county-court appellate brief, and she provides eight brief summaries of those issues. These summaries do not comply with the briefing requirements of appellate rule 38.1. *See* TEX. R. APP. P. 38.1(i); *Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 895–96 (Tex. App.—Dallas 2010, no pet.) (discussing application of Rule 38.1). Accordingly, we overrule Ryerson's fifth issue.

## III.  DISPOSITION

We reverse the trial court's final order dated April 30, 2021, and we remand the case for further proceedings consistent with this opinion.

/Dennise Garcia/
DENNISE GARCIA
JUSTICE

210344F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

HELEN RYERSON, Appellant

No. 05-21-00344-CV     V.

THE CITY OF PLANO, Appellee

On Appeal from the County Court at Law No. 7, Collin County, Texas
Trial Court Cause No. 007-02111-2020.
Opinion delivered by Justice Garcia. Justices Molberg and Reichek participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with the opinion.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 12th day of July 2022.